IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,380-02






EX PARTE ANDREW WAYNE ROARK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 99-02290-L IN THE CRIMINAL DISTRICT COURT NO. FIVE 


FROM DALLAS COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and sentenced to thirty-five years' imprisonment.

 Applicant contends, inter alia, that his due process rights were violated because his
conviction was based on evidence that has now been shown to be invalid. We order that this
application be filed and set for submission to determine: 

 A. Whether the subsequent application in this case meets an exception found in Article
11.07, § 4(a)(1) or (a)(2) of the Texas Code of Criminal Procedure; 


 B. Whether the scientific evidence presented at trial in this specific case has been
subsequently found to be invalid or false, and, if so, whether it is more likely than not that
it contributed to Applicant's conviction or punishment. Ex parte Chabot, 300 S.W.3d 768
(Tex. Crim. App. 2009); Ex parte Ghahremani, 332 S.W.3d 470 (Tex. Crim. App. 2011); 


 C. Whether, and to what extent, this case is affected by the fact that, unlike in Ex parte
Henderson, 384 S.W.3d 833 (Tex. Crim. App. 2012), the State's expert witnesses have not
recanted their trial testimony regarding the cause of complainant's injury; and


 D. Whether the injury suffered by the child in this case is similar to the injury suffered by
the complainant in Henderson, and, if so, why is it similar and to what degree. 

 

 The parties shall brief these issues and oral argument is ordered.

 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art
26.04. The trial court shall send to this Court, within 60 days of the date of this order, a
supplemental transcript containing: a confirmation that Applicant is represented by counsel; the
order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with
this Court on or before August 21, 2013.


Filed: May 22, 2013

Do not publish